# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RASHAD J. MANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-874-SNLJ |
| | ) | |
| ST. LOUIS COUNTY DEPARTMENT OF JUSTICE SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Rashad J. Manning, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement containing limited information about his account. The Court will require plaintiff to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Any claim that plaintiff is unable to pay this amount must be supported by an updated copy of plaintiff's account statement.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff is a pretrial detainee at the St. Louis County Justice Center.[1] He brings this case pursuant to 42 U.S.C. § 1983 against the St. Louis County Department of Justice Services, Major Unknown Reed, Lieutenant Unknown Reed, and corrections officers Unknown Girham, Cidney Young, and Unknown Ross. Plaintiff states that he sues Young, Major Reed and Lieutenant Reed in an official capacity. He does not specify the capacity in which he sues the other defendants. Where a "complaint is silent about the capacity in which [plaintiff] is suing

---

[1] Review of Missouri Case.net shows that plaintiff is presently awaiting trial on two charges of statutory rape, and one charge of sodomy or attempted sodomy. *State v. Rashad Manning*, No. 17SL-CR-4124-01 (21st Jud. Cir. 2017).

defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995). The Court will therefore construe plaintiff's claims against Girham and Ross as official-capacity claims.

Plaintiff states that he is being "targeted" by Lieutenant Reed, Major Reed, and Young. He claims that Young sexually abused him, and he alleges that Girham and Ross revealed information about his criminal charges and inmate profile, and he was targeted as a result. He states that someone named Doherty harassed and targeted him. For his factual allegations in support of his claims, plaintiff sets forth a long narrative that brims with irrelevant, redundant, and overly detailed information. Plaintiff also submitted numerous attachments to the complaint, including copies of grievance reports, notes written on torn slips of paper, and personal correspondence. In addition, after filing the complaint, plaintiff filed two documents in which he appears to attempt to add new claims, and elaborate upon existing ones. He seeks damages in the amount of $10 million.

## Discussion

Relevant precedent establishes that a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). The complaint is therefore legally frivolous as to defendant St. Louis County Department of Justice Services. The complaint also fails to state claims for relief against any of the remaining defendants, all of whom are sued in an official capacity. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

In addition, plaintiff has drafted the complaint in a manner that obscures what his genuine claims are, and fails to give most of the named defendants fair notice of the grounds for the claims made against them. Plaintiff has also filed numerous attachments, intending they be

considered part of his complaint, and he has filed supplemental documents in an apparent attempt to amend his complaint. Discerning plaintiff's claims would require the Court to pore through the complaint, the attachments, and the supplemental filings in an effort to piece them together, something this Court will not do. The Federal Rules of Civil Procedure require, in relevant part, that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). They also require that each allegation in a pleading be "simple, concise, and direct." Fed. R. Civ. P. (d)(1). The Court recognizes that plaintiff is representing himself in these proceedings, but even *pro se* plaintiffs are expected to follow the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

Plaintiff will be given the opportunity to file an amended complaint. Plaintiff must prepare the amended complaint using a Court-provided form, and he must specify whether he intends to sue each defendant in an official capacity, individual capacity, or both.[2] In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a <u>short and plain</u> statement of the factual allegations supporting his claim against that defendant. If plaintiff is suing more than one defendant, he should do the same thing for each one, separately writing each defendant's name and, under that name, a <u>short and plain</u> statement of the factual allegations supporting his claim against that defendant.

Plaintiff is reminded that each of his allegations must be <u>simple, concise, and direct</u>. Plaintiff must not attach any exhibits to the complaint, and he may not amend his complaint by

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

5

referencing, or trying to incorporate, other documents. Instead, all of plaintiff's claims must be clearly and concisely set forth in one complaint form.

Plaintiff must file an amended complaint within twenty-one (21) days of the date of this Memorandum and Order. The filing of the amended complaint will completely replace the original. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff's failure to timely comply with this Memorandum and Order may result in the dismissal of this case with prejudice. *See Micklus v. Greer*, 705 F.2d 314, 317 n. 3 (8th Cir. 1983) (if a plaintiff persistently fails to comply with Rule 8(a), a district court is justified in dismissing an action with prejudice).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint in accordance with the instructions set forth herein within twenty-one (21) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court may dismiss this action without prejudice and without further notice.**

Dated this 1st day of August, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE