UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RASHAD J. MANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-874-SNLJ |
| | ) | |
| ST. LOUIS COUNTY DEPARTMENT | | |
| OF JUSTICE SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the amended complaint filed by plaintiff Rashad J. Manning, a prisoner. For the reasons discussed below, this case will be dismissed, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the

complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**Background**

Plaintiff is a pretrial detainee at the St. Louis County Justice Center.[1] He initiated this civil action on June 4, 2018 by filing a complaint pursuant to 42 U.S.C. § 1983 against the St. Louis County Department of Justice Services, Major Unknown Reed, Lieutenant Unknown Reed, and corrections officers Unknown Girham, Cidney Young, and Unknown Ross. Briefly, he alleged he was being "targeted" by Lieutenant Reed, Major Reed, and Young, he claimed that Young sexually abused him, and he alleged that Girham and Ross revealed information about his criminal charges and inmate profile, causing him to be targeted by other inmates. In setting forth his claims, plaintiff set forth a long narrative that brimmed with irrelevant, redundant, and overly detailed information. He also submitted numerous attachments to the complaint, including copies of grievance reports, notes written on torn slips of paper, and personal correspondence, and he subsequently filed two documents that appeared to add new claims and elaborate upon existing ones. He sought monetary damages.

Upon initial review, the Court determined that the complaint was defective and subject to dismissal. Among other things, the Court determined that the manner in which plaintiff prepared the complaint obscured what his genuine claims were, and failed to give the defendants fair notice of the grounds for the claims made against them. The Court also noted that the St. Louis County Department of Justice Services was not an entity subject to suit under § 1983, and also that plaintiff had failed to state claims for relief against any defendant in an official capacity. On August 1, 2018, the Court entered an order clearly explaining the reasons why the complaint was defective, and giving plaintiff an opportunity to file an amended complaint to cure the defects. The Court cautioned plaintiff that he was required to set forth factual allegations against each

---

[1] Review of Missouri Case.net shows that plaintiff is presently awaiting trial on two charges of statutory rape, and one charge of sodomy or attempted sodomy. *State v. Rashad Manning*, No. 17SL-CR04124-01 (21st Jud. Cir. 2017).

defendant he named. Plaintiff has since filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2).

**The Amended Complaint**

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against the St. Louis County Department of Justice Services, Major Reed, Lieutenant Reed, and corrections officers Ross, Girham and Young. He states he sues the individual defendants in their official and individual capacities.

Plaintiff alleges he was assaulted on numerous occasions due to "these staff members" targeting him and violating the code of confidentiality by exposing his computer profile to fellow inmates. (Docket No. 10 at 3). He alleges "the staff failed to conceal life-threatening information." *Id.* He alleges "some guy" snuck up behind him in the recreation yard and "sucker punched" him. *Id.* at 4. He claims he suffered a broken tooth, and is taking Tylenol and penicillin. He alleges that Girham "broadcast/exposed [his] profile to the entire Wing/Pod/Dorm." *Id.* at 4.

Elsewhere in the amended complaint, plaintiff sets forth a statement of claim against each defendant individually. He alleges that Young committed "violation of my rights regarding involvement of Sexual Abuse & Sexual Behavior between staff & myself by asking me to expose myself to her at will/whenever she chooses." *Id.* at 12. He also claims that Young is responsible for "concealment of sharing/exposing life threatening information exposure of my profile & insulting outburst in regard to my confinement allegations." *Id.* He alleges that Young called him "a rapist, CHO-MO/Child-molester, or a snitch/rat in the [presence] of fellow inmate in attempt to have physical harm inflicted on me with her allegations." *Id.*

Plaintiff alleges that Lieutenant Reed took items from his personal property and never returned them. He alleges that Major Reed committed:

> violation of my rights in regards to the Codes of Confidentiality/Concealment of sharing/exposing non-emergency information with my spouse/wife, that is not permitted to the public. Intervening/Involvement in my personal life affairs. In which caused verbal arguments & dispute between me & my wife due to the information Mr. Reed discussed with my wife about my institutional conduct.

*Id.*

Plaintiff alleges that Girham violated his constitutional rights by sharing life threatening information by exposing his computer profile showing the criminal charges he is facing. Plaintiff states this led to him being assaulted and sucker-punched on numerous occasions.

Plaintiff alleges that Ross committed "violation of my rights in regards to the Code of Confidentiality Concealment of sharing personal information between 2 inmates about each other," in that Ross exposed his profile to another inmate regarding the allegations against him. *Id.* at 15. Plaintiff states this has led to him being targeted by other inmates.

As relief, plaintiff asks that "these Correctional Officers" be held accountable for placing his life in danger, and for "their involvement in my personal affair with my spouse/wife." *Id.* at 5. As relief, he asks that his "physical appearance be restored and my mental mind-state if possible." *Id.* He also seeks $10 million in damages, and he asks that the officers be held accountable and relieved of duty.

## Discussion

Plaintiff again names the St. Louis County Department of Justice Services as a defendant. As the Court noted in its August 1, 2018 Memorandum and Order, relevant precedent establishes that a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). The

amended complaint is therefore legally frivolous as to defendant St. Louis County Department of Justice Services. In addition, plaintiff again names the defendants in their official capacities without alleging a link between the alleged constitutional violations and a municipal policy or custom. Again, the Court concludes that plaintiff fails to state claims for relief against Major Reed, Lieutenant Reed, Ross, Girham or Young in their official capacities. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

The Court now turns to plaintiff's allegations against Major Reed, Lieutenant Reed, Ross, Girham and Young in their individual capacities. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that Lieutenant Reed took items from his personal property and did not return them. Depriving a prisoner of his property may implicate the Due Process Clause and form the basis for a § 1983 action. However, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984), *Clark v. Kansas City Missouri School Dist.*, 375 F.3d 698, 703 (8th Cir. 2004). Missouri provides the post-deprivation remedy of replevin for recovery of personal property, Mo. R. Civ. P. 99.01 - 99.15, and plaintiff does not allege this remedy is inadequate. The Court therefore concludes that plaintiff's allegations that Lieutenant Reed deprived him of his personal property fail to state a claim under § 1983. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990) (taking did not violate due process because Missouri inmate had adequate post-deprivation remedy), *Allen v. City of Kinloch*, 763 F.2d 335, 336–37 (8th Cir. 1985) (concluding Missouri replevin law was an adequate post-deprivation remedy to

6

recover property, and explaining "where a random and unauthorized act by a state employee results in a tortious taking of private property, due process is satisfied if state tort law provides a meaningful post-deprivation remedy."). To the extent plaintiff can be understood to claim that Lieutenant Reed negligently deprived him of his personal property, such allegations fail to implicate the Due Process Clause. *See Jackson v. Buckman*, 756 F.3d 1060, 1067 (8th Cir. 2014) ("conduct that is merely negligent or grossly negligent does not implicate the protections of the Due Process Clause).

Next, plaintiff alleges that Major Reed and Ross violated his rights by breaching a Code of Confidentiality/Concealment. To the extent plaintiff can be understood to claim that Major Reed, Ross, or any other defendant is liable to him because he or she violated a jail policy or jail regulation, such claim fails. It is well established that there is no federal constitutional liberty interest in having jail officials follow jail regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). Plaintiff also alleges that Major Reed intervened or involved himself in plaintiff's personal life and caused plaintiff and his wife to argue. However, plaintiff's allegations that Major Reed is somehow responsible for his marital problems fail to state any claim of constitutional dimension.

Plaintiff also alleges that Young asked him to expose himself, and he characterizes this as sexual abuse and sexual harassment. The way a person is treated while incarcerated, and the conditions of his confinement, are subject to scrutiny under the Eighth Amendment, and an actual sexual assault by a corrections officer would amount to an Eighth Amendment violation. Because plaintiff is a pretrial detainee, his allegation of sexual abuse is analyzed under the

7

Fourteenth Amendment Due Process Clause rather than the Eighth Amendment. However, because the Fourteenth Amendment gives pretrial detainees at least as great protection as that given to convicts under the Eighth Amendment, courts have consistently applied the Eighth Amendment deliberate indifference standard to pretrial detainee claims involving prison conditions. *Jackson*, 756 F.3d at 1065, *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007).

Here, plaintiff does not allege that Young made physical contact with him in connection with the statements, that she threatened to do so, or that he feared she would do so. The Eighth Circuit has recognized that verbal sexual harassment without contact or touching does not amount to a constitutional violation. *Howard v. Everett*, 208 F.3d 218 (8th Cir. 2000) (unpublished table decision); *see also Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right.").

The allegations that remain are that Young, Girham and Ross called him names and/or revealed information about the criminal charges against plaintiff that caused plaintiff to be targeted and attacked by other inmates. These allegations are set forth in detail above. Plaintiff states that "the incident regarding Ms. Ross occurred at the end of October," and "[t]he incident regarding C.O. Mr. Girham occurred in the first week of November, the 4th of November 2017." He does not specify when Young's alleged misconduct occurred. At other points in the amended complaint, plaintiff alleges that "the staff" is responsible for exposing information concerning his alleged crimes and computer profile to his "fellow inmates."

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Here, plaintiff offers only his own speculation, supported by conclusory statements, that he was targeted and assaulted because of what Ross, Girham and Young said or did. Plaintiff does not

8

identify who targeted or assaulted him, nor does he allege, with any specificity, when he was attacked in relation to any statement or reveal of information by Ross, Girham or Young. He does not allege that anyone who targeted or assaulted him was privy to Ross, Girham or Young's statements or reveal of information, nor does he allege that anyone who targeted or assaulted him did so because he thought plaintiff was a child molester or a snitch. There are simply no facts tending to demonstrate a causal link between any targeting or assault and any defendant's conduct, nor are there any facts tending to show how any named defendant was directly involved in or personally responsible for the alleged violations of plaintiff's constitutional rights. Plaintiff's claims are therefore subject to dismissal.[2] *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell*, 909 F.2d at 1208 (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Accordingly, for all of the foregoing reasons,

---

[2] In addition, it cannot be said that plaintiff has alleged facts permitting the inference that, when Ross, Girham or Young made the statements or revealed the information, they actually knew of a substantial risk of harm to plaintiff and deliberately disregarded it, as would be required to state a claim of deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837-38 (1994) (explaining the applicable constitutional standard and noting that, to establish that the defendant had a sufficiently culpable state of mind, the plaintiff must demonstrate that the defendant both knew facts from which inference of excessive risk could be drawn, and drew the inference. This requirement is not satisfied by showing the defendant failed to alleviate a significant risk he should have perceived). At most, plaintiff's allegations establish that Ross, Girham and Young were negligent in failing to protect his privacy regarding the allegations against him, or that Ross, Girham and Young verbally harassed him or were unprofessional. However, deliberate indifference requires a state of mind more blameworthy than negligence, *Estelle,* 429 U.S. at 104, and the Constitution is not implicated by verbal harassment or name calling, *Burton*, 791 F.2d at 99, or by unprofessional behavior. *Martin*, 780 F.2d at 1338.

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 5) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of September, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE